UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 21-cv-09725-JCS<br><br>**ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 29 |

## I.    INTRODUCTION

Richard Zieman ("Counsel"), who represented X.S. in this matter under a contingency fee agreement, brings a Motion for Award of Attorney' Fees Under 42 U.S.C. § 406(b) ("Motion"), seeking an award of $22,225.00 in attorney fees for work before this Court.  For the reasons stated below, the Motion is GRANTED. [1]

## II.    BACKGROUND

X.S. entered into a contingent fee agreement with Counsel providing that Counsel would be awarded 25% of all past-due benefits X.S. received as a result of this action. Zieman Decl., Ex. B. The parties filed cross motions for summary judgment and the Court granted X.S.'s motion, reversing the decision of the Commissioner and remanding for award of benefits. Dkt. no. 22. On January 19, 2023, the Court approved a stipulated fee award of $5,839 under the Equal Access to Justice Act ("EAJA").  Dkt. no. 25 ("EAJA stipulation").

On June 30, 2023, the Social Security Administration issued a Notice of Award, indicating that it awarded $88,900 in past-due benefits to X.S. and that it withheld $7,200 in attorneys' fees,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

which it paid to Counsel. Zieman Decl. Ex. A. Counsel explains in his declaration that the Social Security Administration appears to have approved the administrative level fee agreement instead of withholding the 25% continency fee amount pending the Court's determination of whether Counsel may recover fees under Section 406(b). He has contacted the Social Security Administration asking it to correct this error but so far has gotten no response. Zieman Decl. ¶¶ 7-11. Counsel also states that he has discussed this issue with X.S., as well as informing him that he is not seeking fees on the auxiliary benefits that will be received by his dependent, which have not yet been calculated. *Id.* ¶¶ 12-14.

Counsel asks the Court to award 25% of X.S.'s past due benefits ($22,225.00) in attorney fees under 42 U.S.C. § 406(b). He argues that the request is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), especially as the award will be offset by the EAJA fees awarded in this case. He has supplied evidence that he spent 28.45 hours on the case. Zieman Decl., Ex. C (timesheet).

### III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

1  Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking
2  first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the
3  recovery "based on the character of the representation and the results the representative achieved."
4  *Gisbrecht*, 535 U.S. at 808.  The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may
5  properly reduce the fee for substandard performance, delay, or benefits that are not in proportion
6  to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing
7  *Gisbrecht* 535 U.S. at 808).  In this analysis, courts "generally have been deferential to the terms
8  of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates
9  may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness
10 determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant
11 to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v.*
12 *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

13 In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"),
14 enacted in 1980, allows a party who prevails against the United States in court, including a
15 successful Social Security benefits claimant, to receive an award of fees payable by the United
16 States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*,
17 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)).  In contrast to fees awarded under § 406(b),
18 EAJA fees are based on the "time expended" and the attorney's "[hourly] rate."  28 U.S.C. §
19 2412(d)(1)(B).  In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees
20 payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's
21 past-due Social Security benefits in this manner: Fee awards may be made under both
22 prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller
23 fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)).
24 Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the
25 point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

26 Here, Counsel seeks $22,225.00 in attorney fees, which is 25% of the past due benefits
27 awarded to X.S.   Although the contingent fee agreement between Counsel and X.S. allows
28 Counsel to seek 25% of *all* benefits awarded, including auxiliary benefits that may be awarded to

3

X.S.'s dependents, Counsel does not seek to recover fees on auxiliary benefits. Zieman Decl. ¶ 13. The Court finds Counsel's request to be reasonable under *Gisbrecht*.  First, Counsel has presented a valid contingent fee agreement.  Second, he has supplied timesheets documenting hours worked, which the Court finds to be reasonable.  Third, there is no evidence that Counsel's work was substandard or that the fee award is disproportionate to the amount of work on the case and the effective hourly rate of $781.20 is well within the range of what courts have approved under Section 406(b).  *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of work). Moreover, Counsel obtained an excellent result for his client and took on the risk of contingent representation.

Accordingly, the Court finds that Counsel is entitled to the requested amount of $22,225 in attorney fees under 42 U.S. § 406(b).

**IV.   CONCLUSION**

The Motion is GRANTED.  Counsel is awarded $22,225 in attorneys, which shall be offset by the amounts he has already received from the Social Security Administration and as a result of the EAJA fee award.

**IT IS SO ORDERED.**

Dated:  September 7, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge